1

2

3

4                                UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7     In re JULIO SANDOVAL, G44696,              Case No. 20-cv-06371-CRB  (PR)

8                          Petitioner.           **ORDER OF DISMISSAL**

9                                                (ECF No. 2)

10

11

12          On December 13, 2011, petitioner filed a petition for a writ of habeas corpus under 28

13   U.S.C. § 2254 challenging a 2008 conviction from Santa Clara County Superior Court.  The

14   petition was filed as civil case number 11-6246 and assigned to the undersigned.  See Sandoval v.

15   Biter, No. 11-cv-6246-CRB (N.D. Cal. filed Dec. 13, 2011).

16          On April 12, 2012, the court found that the claims in the petition – (1) insufficient

17   evidence supported the premeditation and deliberation element of his first degree murder

18   conviction; (2) denial of equal protection because an aider and abettor of an assault may be

19   convicted of murder, without any finding of malice, under the natural and probable consequences

20   doctrine; and (3) ineffective assistance of counsel for failing to interview and present a witness –

21   appeared colorable under § 2254 and ordered respondent to show cause why a writ of habeas

22   corpus should not be granted.

23          On July 11, 2012, respondent instead moved to dismiss the petition for failure to exhaust

24   state judicial remedies as to all claims because petitioner did not exhaust state judicial remedies as

25   to his claim of ineffective assistance of counsel.

26          On September 19, 2012, the court granted the motion and, pursuant to the law of the

27   circuit, asked petitioner whether he wished to (1) withdraw his unexhausted claim and proceed

28   only on his exhausted claims, or (2) dismiss the entire mixed petition and return to federal court

United States District Court
Northern District of California

1  with a new petition once all claims are exhausted.  The court also informed petitioner that he may

2  be able to seek a stay of the proceedings "if he can show that there was good cause for his failure

3  to exhaust the unexhausted claim in state court, and that the claim is potentially meritorious."

4  Sept. 19, 20012 Order at 2 n.1 (citing Rhines v. Webber, 544 U.S. 269, 277 (2005)).

5       On October 15, 2012, petitioner filed a response seeking a stay of proceedings until he can

6  exhaust his claim of ineffective assistance of counsel in the state courts.  He argued that he was

7  not afforded a fair chance to exhaust his claim because he was not afforded access to the prison

8  law library.

9       On October 23, 2012, the court granted petitioner's request for a stay of his mixed federal

10  habeas petition until he can exhaust his claim of ineffective assistance of counsel in the state

11  courts.  The court instructed the clerk to administratively close the case and informed petitioner

12  that "[n]othing further will take place in this matter until petitioner exhausts his claim of

13  ineffective assistance of counsel all the way thru the Supreme Court of California and, within 30

14  days thereafter, moves to reopen the case and lift the court's stay."  Oct. 23, 2012 Order at 2.

15       Nearly eight years later, petitioner filed a second federal petition for a writ of habeas

16  corpus challenging his 2008 conviction from Santa Clara County Superior Court in the Eastern

17  District of California.  The petition was transferred to this court, filed as civil case number 20-

18  6371 and assigned to the undersigned.  See In re Sandoval, No. 20-cv-6371-CRB (N.D. Cal. filed

19  Sept. 10, 2020).

20       Petitioner's second federal petition raises the first two claims petitioner raised in his first

21  federal petition – (1) insufficient evidence supported the premeditation and deliberation element of

22  his first degree murder conviction; and (2) denial of equal protection because an aider and abettor

23  of an assault may be convicted of murder, without any finding of malice, under the natural and

24  probable consequences doctrine – as well as new recently exhausted claims.  In the interest of

25  justice, and good cause appearing therefor, the second federal petition is DISMISSED without

26  prejudice to petitioner filing a motion in his first federal habeas case – Sandoval v. Biter, No. 11-

27  cv-6246-CRB – to reopen the case, lift the court's stay and file an amended petition raising all

28  exhausted claims petitioner wishes to pursue in federal habeas review.

1    The clerk is instructed to close the instant case – <u>In re Sandoval</u>, No. 20-cv-6371-CRB –

2    and terminate all pending motions as moot.  Based solely on his affidavit of poverty, petitioner's

3    request to proceed <u>in forma pauperis</u> (ECF No. 2) is GRANTED.

4    **IT IS SO ORDERED**.

5    Dated:   September 23, 2020

6    _____

7    CHARLES R. BREYER
     United States District Judge